IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DAVID TAYLOR,  :<br>    Claimant,  : | |
| v.  : | CASE NO. 3:09-CV-41 (CDL) |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE,  :<br>Commissioner of Social Security,  : | |
| :<br>    Respondent.  : | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if supported by substantial evidence.  *Id.*

The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

2

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.  **Whether the ALJ was required to obtain an additional consultative examination by a neuropsychologist.**

II. **Whether the Appeals Council erred by failing to consider new and material evidence regarding the claimant's severe peripheral artery disease.**

## Administrative Proceedings

Claimant filed applications for disability benefits on April 23, 2004. (T-15). Claimant's applications were denied initially and on reconsideration. *Id.* Claimant then filed a request for a hearing before an ALJ, which was held on December 12, 2007, in Athens, Georgia. (*Id.*; T-274-98). After the hearing, the ALJ reviewed additional records submitted Claimant and ultimately found that Claimant was not disabled in a decision dated May 6, 2008. (T-15-22). Although the Appeals Council received additional evidence, it denied Claimant's requested review of the ALJ's findings, making the ALJ's decision the final decision of the Commissioner. (T-4-7).

## Statement of Facts and Evidence

Claimant alleges a disability beginning January 20, 2004. (T-15). After examining the medical records, the ALJ determined that Claimant suffers from partial right-sided hemisensory impairment and degenerative changes of the cervical spine, which the ALJ found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T-18-19). After a thorough review of the record, the ALJ found that Claimant has the residual functional capacity (RFC) to perform light work with certain limitations, including occasional balancing and climbing of ladders, ropes, and scaffolds. (T-19). The ALJ determined that Claimant must also avoid exposure to unprotected heights and hazardous machinery. *Id.* Because he found that Claimant could perform jobs existing in significant numbers in the national economy, the ALJ made a finding of "not disabled." (T-21-22).

# DISCUSSION

## I. Was the ALJ was required to obtain an additional consultative examination by a neuropsychologist?

Claimant argues that the ALJ should have obtained a consultative evaluation by a neuropsychologist to determine whether Claimant suffered any cognitive impairment as a result of his stroke. (R-10). Because a hearing before an ALJ is not an adversary proceeding, an ALJ has a basic duty to develop a full and fair record. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). When a claimant is not represented by counsel and has not waived the right to counsel, the ALJ has a special duty to ensure that favorable as well as unfavorable facts and circumstances are elicited for review. *Id.*; *see also Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982); *McConnell v. Schweiker*, 655 F.2d 604, 606 n.2 (5th Cir. 1981). In the instant action, the record demonstrates that Claimant was represented by counsel. Thus, the ALJ's duty was not a special duty.

Even in the case of a special duty, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). Moreover, the initial burden of establishing disability is on the claimant, not the Commissioner. *Kirkland,* 480 F.2d at 48. If Claimant believed that medical evidence was missing from the record, then the burden was upon him to bring forth this evidence.

The ALJ must only order consultative exams and tests when they are required in order

5

to make an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 (11th Cir. 1984). In the case of a mental impairment, Claimant's own testimony, coupled with his treating physicians' suggestions, may be sufficient to require a consultative examination by a psychiatrist or psychologist. *McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988) (citing 42 U.S.C. § 421(h)).

Here, Claimant contends that he and his sister testified to his mental/cognitive impairments. (R-9). The record shows that Dr. Schacher reported "Mild situational depression, because no one will hire him." (T-214). This combined evidence does not rise to the level of indicating a mental impairment such that the ALJ was required to order a consultative examination by a psychiatrist or psychologist. Even without an additional consultative examination from a neuropsychologist, sufficient evidence existed in the record for the ALJ to make an informed decision.

**II.     Did the Appeals Council err by failing to consider new and material evidence regarding the claimant's severe peripheral artery disease?**

Claimant next contends that the Appeals Council erred by failing to consider new evidence of Claimant's peripheral artery disease. (R-10). The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id.* In the case at bar, the Appeals Council received the new evidence but determined that it would not alter

the final decision of the ALJ.  (T-4-7).

When the Appeals Council has denied review of new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007).  If denial of benefits is erroneous, the decision of the Appeals Council is subject to modification, reversal or remand pursuant to sentence four of 42 U.S.C. § 405(g).  *Id*.  In this case, because new evidence was properly presented to the Appeals Counsel, consideration under sentence four is appropriate.

Here, the Appeals Council accepted new evidence in the form of treatment records from Daivd M. Sailors, M.D., for the period of May 31, 2008, through October 1, 2008.  (T-7).  As stated above, the relevant period is before the hearing decision, in this case, May 6, 2008.  Claimant has not carried his burden of showing a severe impairment of peripheral vascular disease before May 6, 2008. The record continues to provide substantial evidence on which to base a finding of not disabled.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**.  Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 3rd day of September, 2009.

                                              S/ G. MALLON FAIRCLOTH
                                              UNITED STATES MAGISTRATE JUDGE

lml